UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES MCCRARY     CIVIL ACTION

VERSUS     NO. 14-880

JOHN W. STONE OIL DISTRIBUTOR, L.L.C.     SECTION I

**ORDER AND REASONS**

The Court has pending before it a motion[1] filed by defendant to exclude from trial plaintiff's vocational rehabilitation expert, Dr. Cornelius E. Gorman, II. Using the boilerplate word salad that is unfortunately common in motions to exclude expert testimony, defendant asserts that Dr. Gorman's opinions "are patently absurd and baseless and are based on insufficient facts, data, and methodology."[2] Defendant also characterizes such opinions as "unreliable, speculative, [and] not based upon any evidence."[3] Shorn of hyperbole, defendant essentially argues that Dr. Gorman's opinions regarding plaintiff's future earning potential are inconsistent with his present earnings and physical condition. Plaintiff opposes the motion.[4]

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996). Furthermore, experts may rely on one version of disputed facts in forming their opinions, and the

---

[1] R. Doc. No. 66.
[2] R. Doc. No. 66-1, at 4.
[3] R. Doc. No. 66-1, at 4.
[4] R. Doc. No. 69.

1

trier of fact may hear that testimony and "decide whether the predicate facts on which the expert relied are accurate." *Moore v. Int'l Paint, L.L.C.*, 547 F.App'x 513, 515 (5th Cir. 2013) (internal quotation marks and alterations omitted). It is "the role of the adversarial system, not the court, to highlight weak evidence." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). Courts break from this general rule in exceptional circumstances, such as when an expert's testimony relies on "completely unsubstantiated factual assertions." *See Hathaway v. Bazany*, 507 F.3d 312, 319 n.4 (5th Cir. 2007).

Having reviewed the briefing, the record, and the applicable law, the Court concludes that defendant overstates the purported inconsistencies between plaintiff's present earnings and physical condition and Dr. Gorman's opinions regarding plaintiff's future employment potential. Although such matters are a proper basis for cross-examination, defendant has not established that "the universe of facts assumed by [Dr. Gorman] differs frequently and substantially from the undisputed record evidence" such that his opinions should be excluded entirely from trial. *Moore*, 547 F. App'x at 516. Accordingly,

**IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** to defendant's right to raise objections to specific expert testimony at trial.

New Orleans, Louisiana, May 9, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**